UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA CHANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| PLAINFIELD HEALTHCARE CENTER, | ) 1:08-cv-0071-SEB-WTL |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Action

1. Plaintiff, Brenda Chaney ("Chaney"), brings this action against Defendant, Plainfield Healthcare Center, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 1981a; and 42 U.S.C. § 1981 ("Section 1981").

### II. Parties

2. Chaney has resided within the Southern District of Indiana at all relevant times.

3. Defe ndant is a corporation doing business within the Southern District of Indiana.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 1981; and 42 U.S.C. 2000(e)-5(f).

5. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4) and 42 U.S.C. §

2000e(b).

6. Chaney was an "employee" within the meaning of 29 U.S.C. § 2611(2) and 42 U.S.C. § 2000e(f).

7. Chaney satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the EEOC. Chaney received her Determination and "Notice of Right to Sue" on her Charge and now timely files her lawsuit within 90 days after receipt of the "Notice of Rights."

8. All facts, events, and transactions giving rise to this lawsuit occurred within the Southern District of Indiana. Venue is, therefore, proper in this Court, pursuant to 28 U.S.C. § 1391.

## IV. Factual Allegations

9. Chaney is an African-American female.

10. Defendant employed Chaney as an hourly employee until her termination on or about June 3, 2006.

11. Chaney's work performance met and/or exceeded Defendant's legitimate expectations at all relevant times.

12. On or about September 5, 2006, Chaney was terminated from her employment with Defendant.

13. Chaney was purportedly terminated for using a profanity in a patient's room, although there are no witnesses and no other evidence of such behavior.

14. One several occasions, white co-workers openly asked in front of supervisors, "Why do

they keep hiring these black bitches?" Based on information and belief, no reprimands or terminations were ever issued for this behavior.

15. Chaney has been called the "n word" on several occasions by coworkers.

16. On the assignment sheet for the CNA's, posted in plain view, next to the resident's name in bold type was the phrase: **"PREFERS NO BLACK CNAS."**

17. The Defendant followed its own directive, interfering with the Chaney's ability to work, based solely on her race.

18. Chaney engaged in protected activity by complaining to her Supervisors about the unlawful discrimination.

19. Defendant did not attempt to address any of Chaney's complaints.

20. Defendant then proceeded to retaliate against Chaney for engaging in her protected activity, by terminating Chaney based on her race.

21. On information and belief, Defendant has accorded more favorable treatment to similarly-situated employees outside of Chaney's statutorily-protected class.

22. Any reason proffered by Defendant for the adverse employment actions it has taken against Chaney is pretextual.

23. Chaney has suffered injury as a result of Defendant's unlawful actions.

## V. Causes of Action

### Count I - Race Discrimination - Title VII

24. Chaney hereby incorporates paragraphs 1- 23 of her Complaint.

25. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of

Chaney's rights as protected by Title VII.

### Count II - Race Discrimination - Section 1981

26. Chaney hereby incorporates paragraphs 1- 25 of her Complaint.

27. Chaney had an employment relationship with Defendant that was contractual in nature.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Chaney's rights as protected by Section 1981.

### Count III - Retaliation - Title VII

29. Chaney hereby incorporates paragraphs 1-28 of her Complaint.

30. Defendant unlawfully retaliated against Chaney because she engaged in protected activity in violation of her rights as protected by Title VII.

31. County's actions were intentional, willful, and in reckless disregard of Chaney's rights as protected by Title VII.

32. Chaney has suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Brenda Chaney, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Chaney to the same position, pay, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Chaney;

3. Defendant pay liquidated damages to Chaney;

4. Defendant pay compensatory and punitive damages to Chaney;

5. Defendant pay pre- and post-judgment interest to Chaney;

6. Defendant pay Chaney's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Chaney any and all other legal and/or equitable damages that this Court determines appropriate and just in the premises.

Respectfully submitted,

*[signature]*

Denise K. LaRue, Attorney #14877-49

*[signature]*

Justin T. Bowen, Attorney #27454-49

Attorneys for Plaintiff
Brenda Chaney

HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
dlarue@hlllaw.com
jbowen@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Brenda Chaney, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

Denise K. LaRue, Attorney No. 14877-49

Justin T. Bowen, Attorney #27454-49

Attorneys for Plaintiff
Brenda Chaney

HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone:  (317)955-9500
Facsimile:   (317)955-2570
dlarue@hlllaw.com
jbowen@hlllaw.com